TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0730
     Facsimile: (213) 894-3713
     E-mail:    amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00515-VAP |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JAMES DAVOLT |
| v. | |
| JAMES DAVOLT, aka "tarsier67@yahoo.com" and "sepai35@yahoo.com" | |
| Defendant. | |

1.   This constitutes the plea agreement between JAMES DAVOLT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts Two and Five

1  of the indictment in <u>United States v. James Davolt</u>, CR No. 19-00515-

2  VAP, which charge defendant with Receipt and Distribution of Child

3  Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

4          b.   Not contest facts agreed to in this agreement.

5          c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7          d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10          e.   Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14          f.   Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16          g.   Pay the applicable special assessments at or before

17  the time of sentencing unless defendant lacks the ability to pay and

18  prior to sentencing submits a completed financial statement on a form

19  to be provided by the USAO.

20          h.   Agree to and not oppose the imposition of the

21  following conditions of supervised release:

22              i.   Sex Offender Registration: defendant shall

23  register as a sex offender, and keep the registration current, in

24  each jurisdiction where he resides, where he is an employee, and

25  where he is a student, to the extent the registration procedures have

26  been established in each jurisdiction. When registering for the first

27  time, defendant shall also register in the jurisdiction in which the

28  conviction occurred if different from his/her jurisdiction of

2

1  residence. Defendant shall provide proof of registration to the

2  Probation Officer within three days of placement on probation/release

3  from imprisonment.

4           ii.  Counseling: defendant shall participate in a

5  psychological counseling and/or psychiatric treatment and/or a sex

6  offender treatment program, which may include inpatient treatment, as

7  approved and directed by the Probation Officer. Defendant shall abide

8  by all rules, requirements, and conditions of such program, including

9  submission to risk assessment evaluations and physiological testing,

10  such as polygraph and Abel testing.  As directed by the Probation

11  Officer, defendant shall pay all or part of the costs of treating the

12  defendant's psychological/psychiatric disorder(s) to the aftercare

13  contractor during the period of community supervision, pursuant to 18

14  U.S.C. § 3672.  Defendant shall provide payment and proof of payment

15  as directed by the Probation Officer.

16           iii. Access to Materials: defendant shall not view or

17  possess any materials, including pictures, photographs, books,

18  writings, drawings, videos, or video games depicting and/or

19  describing child pornography, as defined at 18 U.S.C. § 2256(8), or

20  sexually explicit conduct, as defined at 18 U.S.C. §2256(2).  This

21  condition does not prohibit defendant from possessing materials

22  solely because they are necessary to, and used for, a collateral

23  attack, nor does it prohibit him from possessing materials prepared

24  and used for the purposes of his Court-mandated sex offender

25  treatment, when defendant's treatment provider or the probation

26  officer has approved of his possession of the materials in advance.

27           iv.  Contact with Others:

28

(I)   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

(II) Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

(III)   Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes him/her to regularly contact persons under the age of 18.

(IV) Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

(V)   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he/she open or maintain a post office box, without the prior written approval of the Probation Officer.

v.   Employment: Defendant's employment shall be approved by the Probation Officer, and any change in employment must

be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

        vi.   Residence: Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

        vii. Search: Defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and his effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions.

        viii.   Computers and Computer-Related Devices: The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs) that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices include personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as

1   well as their peripheral equipment, that can access, or can be

2   modified to access, the Internet, electronic bulletin boards, and

3   other computers.  All computers, computer-related devices, and their

4   peripheral equipment, used by defendant shall be subject to search

5   and seizure. This shall not apply to items used at the employment's

6   site, which are maintained and monitored by the employer.  Defendant

7   shall comply with the rules and regulations of the Computer

8   Monitoring Program.  Defendant shall pay the cost of the Computer

9   Monitoring Program, in an amount not to exceed $32 per month per

10  device connected to the Internet.

11          i.   Make restitution at or before the time of sentencing,

12  and not seek the discharge of any restitution obligation, in whole or

13  in part, in any present or future bankruptcy proceeding.

14                          THE USAO'S OBLIGATIONS

15      3.   The USAO agrees to:

16          a.   Not contest facts agreed to in this agreement.

17          b.   Abide by all agreements regarding sentencing contained

18  in this agreement.

19          c.   At the time of sentencing, move to dismiss the

20  remaining counts of the Indictment as against defendant.  Defendant

21  agrees, however, that at the time of sentencing the Court may

22  consider any dismissed charges in determining the applicable

23  Sentencing Guidelines range, the propriety and extent of any

24  departure from that range, and the sentence to be imposed.

25          d.   At the time of sentencing, provided that defendant

26  demonstrates an acceptance of responsibility for the offenses up to

27  and including the time of sentencing, recommend a two-level reduction

28  in the applicable Sentencing Guidelines offense level, pursuant to

1   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2   additional one-level reduction if available under that section.

3                          NATURE OF THE OFFENSES

4        4.   Defendant understands that for defendant to be guilty of

5   the crime charged in Count Two, that is, Receipt of Child

6   Pornography, in violation of Title 18, United States Code, Section

7   2252A(a)(2)(A), the following must be true: (1) defendant knowingly

8   received matters which defendant knew contained visual depictions of

9   minors engaged in sexually explicit conduct; (2) defendant knew each

10  visual depiction contained in the matters showed minors engaged in

11  sexually explicit conduct; (3) defendant knew that production of such

12  visual depictions involved use of a minor in sexually explicit

13  conduct; and (4) each visual depiction had been either (a)

14  transported in interstate or foreign commerce, or (b) produced using

15  material that had been transported in interstate or foreign commerce

16  by computer.

17       5.   Defendant understands that for defendant to be guilty of

18  the crime charged in Count Five, that is, Distribution of Child

19  Pornography, in violation of Title 18, United States Code, Section

20  2252A(a)(2)(A), the following must be true: (1) defendant knowingly

21  distributed matters which defendant knew contained visual depictions

22  of minors engaged in sexually explicit conduct; (2) defendant knew

23  each visual depiction contained in the matters showed minors engaged

24  in sexually explicit conduct; (3) defendant knew that production of

25  such visual depictions involved use of a minor in sexually explicit

26  conduct; and (4) each visual depiction had been either

27  (a) transported in interstate or foreign commerce, or (b) produced

28

1 | using material that had been transported in interstate or foreign

2 | commerce by computer.

3 | <u>PENALTIES AND RESTITUTION</u>

4 |     6.    Defendant understands that the statutory maximum sentence

5 | that the Court can impose for each violation of Title 18, United

6 | States Code, Sections 2252A(a)(2)(A) and (b)(1) is 20 years'

7 | imprisonment; a lifetime of supervised release; a fine of $250,000 or

8 | twice the gross gain or gross loss resulting from the offense,

9 | whichever is greatest; and a mandatory special assessment of $100.

10 |     7.    Defendant understands that the statutory minimum sentence

11 | that the Court must impose for a violation of Title 18, United States

12 | Code, Sections 2252A(a)(2)(A) and (b)(1) is five years' imprisonment,

13 | a five-year period of supervised release, and a mandatory special

14 | assessment of $100.

15 |     8.    Defendant understands, therefore, that the total maximum

16 | sentence for all offenses to which defendant is pleading guilty is:

17 | 40 years' imprisonment; a lifetime of supervised release; a fine of

18 | $500,000 or twice the gross gain or gross loss resulting from the

19 | offenses, whichever is greatest; and a mandatory special assessment

20 | of $200.

21 |     9.    Defendant understands that defendant will be required to

22 | pay full restitution to the victims of the offense to which defendant

23 | is pleading guilty. Defendant agrees that, in return for the USAO's

24 | compliance with its obligations under this agreement, the Court may

25 | order restitution to persons other than the victims of the offenses

26 | to which defendant is pleading guilty and in amounts greater than

27 | those alleged in the count to which defendant is pleading guilty. In

28 | particular, defendant agrees that the Court may order restitution to

any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any charge not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the charge.

10.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or

revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

14.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about July 3, 2013, February 9, 2015, February 12, 2015, and February 26, 2015, in San Luis Obispo County, within the Central District of California, and elsewhere, defendant JAMES DAVOLT knowingly distributed and received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), via emails that had

been mailed, and using any means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos and images contained visual depictions of minors engaged in sexually explicit conduct, and knowing that videos and images depicted real children.

For example, defendant distributed and/or received the following videos:

- "sexyslave2.m4v.mpg."  This video file is 3:00 minutes long and depicts a prepubescent girl bound at the wrist and wearing a leash, who is penetrated by an adult male penis and possibly a sex toy.

- "grace1 video fuckHARD.mpg"  This is a 33 second video that begins with a prepubescent female child lying on her back with her vagina clearly exposed. An adult male then penetrates her vagina with his penis.

- "pthc-jho-loifuck-10yokatrina doggystile_new2007_2_.wmv.flv."  This is a 29-second video that depicts an adult male penetrating a prepubescent female child's anus and/or vagina from behind.

Defendant also used Yahoo! chat messenger to direct individuals in the sexual exploitation of children via webcam.  For instance, on or about on May 19, 2014, defendant, using his "tarsier67@yahoo.com" account, sent messages to "moma.sexyhot@yahoo.com," directing her to "show the 12 year," "have her stand and pull down shorts," "have her stand close to cam," "show her sitting and open legs," and "have her open her pussy."

Additionally, on or about September 3, 2015, a federal search warrant was executed at defendant's home in Templeton, California. At that time, defendant knowingly possessed on his laptop computers hundreds of images and videos containing child pornography. Some of the images depicted children under the age of two years being used for sexual acts. Other images portrayed sadistic or masochistic sexual conduct involving minor children. In total, defendant possessed over 700 images and 200 videos containing child pornography, including images and videos depicting children under the age of twelve. At the time that defendant possessed the child pornography, defendant knew that the videos and images depicted minors engaged in sexually explicit conduct, and knew that production of such visual depictions involved the use of minors engaged in sexually explicit conduct. The children depicted in the images defendant possessed are real children, and defendant downloaded the images from the Internet, which is a means and facility of Interstate and foreign commerce, using a computer.

<u>SENTENCING FACTORS</u>

15. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Prepubescent Minor | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Distribution: | +2 | U.S.S.G. § 2G2.2 (b)(3)(F) |
| Sadistic Material/Infant & Toddler Exploitation | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600+ Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant

13

1   understands, however, that, defendant retains the right to be

2   represented by counsel -- and if necessary have the court appoint

3   counsel -- at every other stage of the proceeding.

4         d.   The right to be presumed innocent and to have the

5   burden of proof placed on the government to prove defendant guilty

6   beyond a reasonable doubt.

7         e.   The right to confront and cross-examine witnesses

8   against defendant.

9         f.   The right to testify and to present evidence in

10  opposition to the charges, including the right to compel the

11  attendance of witnesses to testify.

12        g.   The right not to be compelled to testify, and, if

13  defendant chose not to testify or present evidence, to have that

14  choice not be used against defendant.

15        h.   Any and all rights to pursue any affirmative defenses,

16  Fourth Amendment or Fifth Amendment claims, and other pretrial

17  motions that have been filed or could be filed.

18     20.  Understanding that the government has in its possession

19  digital devices and/or digital media seized from defendant, defendant

20  waives any right to the return of digital data contained on those

21  digital devices and/or digital media and agrees that if any of these

22  digital devices and/or digital media are returned to defendant, the

23  government may delete all digital data from those digital devices

24  and/or digital media before they are returned to defendant.

25                    <u>WAIVER OF APPEAL OF CONVICTION</u>

26     21.  Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty pleas were involuntary, by

28  pleading guilty defendant is waiving and giving up any right to

                                   14

appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

23.  The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any

1   portion of the sentence, with the exception that the USAO reserves

2   the right to appeal the denial of restitution or the amount of

3   restitution ordered.

4        24.   Defendant agrees that if any count of conviction is

5   vacated, reversed, or set aside, the USAO may: (a) ask the Court to

6   resentence defendant on any remaining count of conviction, with both

7   the USAO and defendant being released from any stipulations regarding

8   sentencing contained in this agreement, (b) ask the Court to void the

9   entire plea agreement and vacate defendant's guilty plea on any

10  remaining count of conviction, with both the USAO and defendant being

11  released from all their obligations under this agreement, or

12  (c) leave defendant's remaining conviction, sentence, and plea

13  agreement intact.   Defendant agrees that the choice among these three

14  options rests in the exclusive discretion of the USAO.

15               RESULT OF WITHDRAWAL OF GUILTY PLEA

16       25.   Defendant agrees that if, after entering guilty pleas

17  pursuant to this agreement, defendant seeks to withdraw and succeeds

18  in withdrawing defendant's guilty pleas on any basis other than a

19  claim and finding that entry into this plea agreement was

20  involuntary, then (a) the USAO will be relieved of all of its

21  obligations under this agreement; and (b) should the USAO choose to

22  pursue any charge that was either dismissed or not filed as a result

23  of this agreement, then (i) any applicable statute of limitations

24  will be tolled between the date of defendant's signing of this

25  agreement and the filing commencing any such action; and

26  (ii) defendant waives and gives up all defenses based on the statute

27  of limitations, any claim of pre-indictment delay, or any speedy

28  trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

17

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      33.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5

6 AGREED AND ACCEPTED

7 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF

8 CALIFORNIA

9 TRACY L. WILKISON
  Acting United States Attorney

10

11                                                  6/3/21

AMY E. POMERANTZ                            Date

12 Assistant United States Attorney

13 /s/ James Davolt                          June 3, 2021

JAMES DAVOLT                                Date

14 Defendant

15                                             June 3, 2021

S. CYRUS TABIBNIA                      Date

16 Attorney for Defendant JAMES DAVOLT

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charges and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  /s/ James Davolt                                June 3, 2021

20  JAMES DAVOLT                                    Date
    Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JAMES DAVOLT's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_Shahrooz C. Tabibnia_                         June 3, 2021

S. CYRUS TABIBNIA                              Date
Attorney for Defendant JAMES DAVOLT

22