TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0730
     Facsimile: (213) 894-3713
     E-mail:    amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JAMES DAVOLT,<br>   aka "tarsier67@yahoo.com" and<br>   "sepai35@yahoo.com"<br><br>          Defendant. | No. CR 19-00515-VAP<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JAMES DAVOLT (*VERSION WITH NON-<br>ELECTRONIC SIGNATURE BY<br>DEFENDANT*) |

     1.   This constitutes the plea agreement between JAMES DAVOLT
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case.
This agreement is limited to the USAO and cannot bind any other
federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

                      DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to Counts Two and Five

1  of the indictment in United States v. James Davolt, CR No. 19-00515-

2  VAP, which charge defendant with Receipt and Distribution of Child

3  Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

4          b.    Not contest facts agreed to in this agreement.

5          c.    Abide by all agreements regarding sentencing contained

6  in this agreement.

7          d.    Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10          e.    Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14          f.    Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16          g.    Pay the applicable special assessments at or before

17  the time of sentencing unless defendant lacks the ability to pay and

18  prior to sentencing submits a completed financial statement on a form

19  to be provided by the USAO.

20          h.    Agree to and not oppose the imposition of the

21  following conditions of supervised release:

22              i.    Sex Offender Registration: defendant shall

23  register as a sex offender, and keep the registration current, in

24  each jurisdiction where he resides, where he is an employee, and

25  where he is a student, to the extent the registration procedures have

26  been established in each jurisdiction. When registering for the first

27  time, defendant shall also register in the jurisdiction in which the

28  conviction occurred if different from his/her jurisdiction of

2

1    residence. Defendant shall provide proof of registration to the

2    Probation Officer within three days of placement on probation/release

3    from imprisonment.

4                ii.   Counseling: defendant shall participate in a

5    psychological counseling and/or psychiatric treatment and/or a sex

6    offender treatment program, which may include inpatient treatment, as

7    approved and directed by the Probation Officer. Defendant shall abide

8    by all rules, requirements, and conditions of such program, including

9    submission to risk assessment evaluations and physiological testing,

10   such as polygraph and Abel testing.  As directed by the Probation

11   Officer, defendant shall pay all or part of the costs of treating the

12   defendant's psychological/psychiatric disorder(s) to the aftercare

13   contractor during the period of community supervision, pursuant to 18

14   U.S.C. § 3672.  Defendant shall provide payment and proof of payment

15   as directed by the Probation Officer.

16               iii. Access to Materials: defendant shall not view or

17   possess any materials, including pictures, photographs, books,

18   writings, drawings, videos, or video games depicting and/or

19   describing child pornography, as defined at 18 U.S.C. § 2256(8), or

20   sexually explicit conduct, as defined at 18 U.S.C. §2256(2).  This

21   condition does not prohibit defendant from possessing materials

22   solely because they are necessary to, and used for, a collateral

23   attack, nor does it prohibit him from possessing materials prepared

24   and used for the purposes of his Court-mandated sex offender

25   treatment, when defendant's treatment provider or the probation

26   officer has approved of his possession of the materials in advance.

27               iv.   Contact with Others:

28

                                  3

(I)    Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

(II) Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

(III)    Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes him/her to regularly contact persons under the age of 18.

(IV) Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

(V)    Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he/she open or maintain a post office box, without the prior written approval of the Probation Officer.

v.    Employment: Defendant's employment shall be approved by the Probation Officer, and any change in employment must

4

1  be pre-approved by the Probation Officer.  Defendant shall submit the
2  name and address of the proposed employer to the Probation Officer at
3  least ten days prior to any scheduled change.

4  vi.  Residence: Defendant shall not reside within
5  direct view of school yards, parks, public swimming pools,
6  playgrounds, youth centers, video arcade facilities, or other places
7  primarily used by persons under the age of 18.  Defendant's residence
8  shall be approved by the Probation Officer, and any change in
9  residence must be pre-approved by the Probation Officer.  Defendant
10  shall submit the address of the proposed residence to the Probation
11  Officer at least ten days prior to any scheduled move.

12  vii. Search: Defendant shall submit his person, and
13  any property, house, residence, vehicle, papers, computer, other
14  electronic communication or data storage devices or media, and his
15  effects to search at any time, with or without a warrant, by any law
16  enforcement or Probation Officer with reasonable suspicion concerning
17  a violation of a condition of supervised release or unlawful conduct
18  by defendant, and by any Probation Officer in the lawful discharge of
19  the officer's supervision functions.

20  viii.  Computers and Computer-Related Devices: The
21  defendant shall possess and use only those computers and computer-
22  related devices, screen user names, passwords, email accounts, and
23  internet service providers (ISPs) that have been disclosed to the
24  Probation Officer upon commencement of supervision. Any changes or
25  additions are to be disclosed to the Probation Officer prior to the
26  first use. Computers and computer-related devices include personal
27  computers, personal data assistants (PDAs), internet appliances,
28  electronic games, cellular telephones, and digital storage media, as

well as their peripheral equipment, that can access, or can be
modified to access, the Internet, electronic bulletin boards, and
other computers.  All computers, computer-related devices, and their
peripheral equipment, used by defendant shall be subject to search
and seizure. This shall not apply to items used at the employment's
site, which are maintained and monitored by the employer.  Defendant
shall comply with the rules and regulations of the Computer
Monitoring Program.  Defendant shall pay the cost of the Computer
Monitoring Program, in an amount not to exceed $32 per month per
device connected to the Internet.

     i.   Make restitution at or before the time of sentencing,
and not seek the discharge of any restitution obligation, in whole or
in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

     a.   Not contest facts agreed to in this agreement.

     b.   Abide by all agreements regarding sentencing contained
in this agreement.

     c.   At the time of sentencing, move to dismiss the
remaining counts of the Indictment as against defendant.  Defendant
agrees, however, that at the time of sentencing the Court may
consider any dismissed charges in determining the applicable
Sentencing Guidelines range, the propriety and extent of any
departure from that range, and the sentence to be imposed.

     d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offenses up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to

6

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
2  additional one-level reduction if available under that section.

3  NATURE OF THE OFFENSES

4      4.   Defendant understands that for defendant to be guilty of
5  the crime charged in Count Two, that is, Receipt of Child
6  Pornography, in violation of Title 18, United States Code, Section
7  2252A(a)(2)(A), the following must be true: (1) defendant knowingly
8  received matters which defendant knew contained visual depictions of
9  minors engaged in sexually explicit conduct; (2) defendant knew each
10  visual depiction contained in the matters showed minors engaged in
11  sexually explicit conduct; (3) defendant knew that production of such
12  visual depictions involved use of a minor in sexually explicit
13  conduct; and (4) each visual depiction had been either (a)
14  transported in interstate or foreign commerce, or (b) produced using
15  material that had been transported in interstate or foreign commerce
16  by computer.

17      5.   Defendant understands that for defendant to be guilty of
18  the crime charged in Count Five, that is, Distribution of Child
19  Pornography, in violation of Title 18, United States Code, Section
20  2252A(a)(2)(A), the following must be true: (1) defendant knowingly
21  distributed matters which defendant knew contained visual depictions
22  of minors engaged in sexually explicit conduct; (2) defendant knew
23  each visual depiction contained in the matters showed minors engaged
24  in sexually explicit conduct; (3) defendant knew that production of
25  such visual depictions involved use of a minor in sexually explicit
26  conduct; and (4) each visual depiction had been either
27  (a) transported in interstate or foreign commerce, or (b) produced

28

7

using material that had been transported in interstate or foreign commerce by computer.

### PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) is 20 years' imprisonment; a lifetime of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) is five years' imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 40 years' imprisonment; a lifetime of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to

1  any victim of any of the following for any losses suffered by that
2  victim as a result: (a) any relevant conduct, as defined in U.S.S.G.
3  § 1B1.3, in connection with the offenses to which defendant is
4  pleading guilty; and (b) any charge not prosecuted pursuant to this
5  agreement as well as all relevant conduct, as defined in U.S.S.G. §
6  1B1.3, in connection with the charge.

7      10.   Defendant understands that, pursuant to the Justice for
8  Victims of Trafficking Act of 2015, the Court shall impose an
9  additional $5,000 special assessment if the Court concludes that
10  defendant is a non-indigent person, to be paid after defendant's
11  other financial obligations have been satisfied.

12      11.   Defendant understands that supervised release is a period
13  of time following imprisonment during which defendant will be subject
14  to various restrictions and requirements.  Defendant understands that
15  if defendant violates one or more of the conditions of any supervised
16  release imposed, defendant may be returned to prison for all or part
17  of the term of supervised release authorized by statute for the
18  offense that resulted in the term of supervised release.

19      12.   Defendant understands that, by pleading guilty, defendant
20  may be giving up valuable government benefits and valuable civic
21  rights, such as the right to vote, the right to possess a firearm,
22  the right to hold office, and the right to serve on a jury.
23  Defendant understands that once the court accepts defendant's guilty
24  plea, it will be a federal felony for defendant to possess a firearm
25  or ammunition.  Defendant understands that the conviction in this
26  case may also subject defendant to various other collateral
27  consequences, including but not limited to revocation of probation,
28  parole, or supervised release in another case and suspension or

revocation of a professional license.   Defendant understands that
unanticipated collateral consequences will not serve as grounds to
withdraw defendant's guilty plea.

13.   Defendant understands that, if defendant is not a United
States citizen, the felony conviction in this case may subject
defendant to: removal, also known as deportation, which may, under
some circumstances, be mandatory; denial of citizenship; and denial
of admission to the United States in the future.   The court cannot,
and defendant's attorney also may not be able to, advise defendant
fully regarding the immigration consequences of the felony conviction
in this case.   Defendant understands that unexpected immigration
consequences will not serve as grounds to withdraw defendant's guilty
plea.

FACTUAL BASIS

14.   Defendant admits that defendant is, in fact, guilty of the
offenses to which defendant is agreeing to plead guilty.   Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support pleas of guilty
to the charges described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 16 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

On or about July 3, 2013, February 9, 2015, February 12, 2015,
and February 26, 2015, in San Luis Obispo County, within the Central
District of California, and elsewhere, defendant JAMES DAVOLT
knowingly distributed and received child pornography, as defined in
Title 18, United States Code, Section 2256(8)(A), via emails that had

been mailed, and using any means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos and images contained visual depictions of minors engaged in sexually explicit conduct, and knowing that videos and images depicted real children.

For example, defendant distributed and/or received the following videos:

- "sexyslave2.m4v.mpg."  This video file is 3:00 minutes long and depicts a prepubescent girl bound at the wrist and wearing a leash, who is penetrated by an adult male penis and possibly a sex toy.

- "grace1 video fuckHARD.mpg"  This is a 33 second video that begins with a prepubescent female child lying on her back with her vagina clearly exposed. An adult male then penetrates her vagina with his penis.

- "pthc-jho-loifuck-10yokatrina doggystile_new2007_2_.wmv.flv."  This is a 29-second video that depicts an adult male penetrating a prepubescent female child's anus and/or vagina from behind.

Defendant also used Yahoo! chat messenger to direct individuals in the sexual exploitation of children via webcam.  For instance, on or about on May 19, 2014, defendant, using his "tarsier67@yahoo.com" account, sent messages to "moma.sexyhot@yahoo.com," directing her to "show the 12 year," "have her stand and pull down shorts," "have her stand close to cam," "show her sitting and open legs," and "have her open her pussy."

1    Additionally, on or about September 3, 2015, a federal search
2    warrant was executed at defendant's home in Templeton, California.
3    At that time, defendant knowingly possessed on his laptop computers
4    hundreds of images and videos containing child pornography.  Some of
5    the images depicted children under the age of two years being used
6    for sexual acts. Other images portrayed sadistic or masochistic
7    sexual conduct involving minor children.  In total, defendant
8    possessed over 700 images and 200 videos containing child
9    pornography, including images and videos depicting children under the
10   age of twelve.  At the time that defendant possessed the child
11   pornography, defendant knew that the videos and images depicted
12   minors engaged in sexually explicit conduct, and knew that production
13   of such visual depictions involved the use of minors engaged in
14   sexually explicit conduct.  The children depicted in the images
15   defendant possessed are real children, and defendant downloaded the
16   images from the Internet, which is a means and facility of Interstate
17   and foreign commerce, using a computer.

18                          SENTENCING FACTORS

19        15.  Defendant understands that in determining defendant's
20   sentence the Court is required to calculate the applicable Sentencing
21   Guidelines range and to consider that range, possible departures
22   under the Sentencing Guidelines, and the other sentencing factors set
23   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
24   Sentencing Guidelines are advisory only, that defendant cannot have
25   any expectation of receiving a sentence within the calculated
26   Sentencing Guidelines range, and that after considering the
27   Sentencing Guidelines and the other § 3553(a) factors, the Court will
28   be free to exercise its discretion to impose any sentence it finds

                                12

appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Prepubescent Minor | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Distribution: | +2 | U.S.S.G. § 2G2.2 (b)(3)(F) |
| Sadistic Material/Infant & Toddler Exploitation | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600+ Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.   Defendant

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

   20.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

   21.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

23. The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any

15

portion of the sentence, with the exception that the USAO reserves the right to appeal the denial of restitution or the amount of restitution ordered.

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

16

that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

17

1        b.    Defendant waives and gives up all defenses based on
2   the statute of limitations, any claim of pre-indictment delay, or any
3   speedy trial claim with respect to any such action, except to the
4   extent that such defenses existed as of the date of defendant's
5   signing this agreement.

6        c.    Defendant agrees that: (i) any statements made by
7   defendant, under oath, at the guilty plea hearing (if such a hearing
8   occurred prior to the breach); (ii) the agreed to factual basis
9   statement in this agreement; and (iii) any evidence derived from such
10  statements, shall be admissible against defendant in any such action
11  against defendant, and defendant waives and gives up any claim under
12  the United States Constitution, any statute, Rule 410 of the Federal
13  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
14  Procedure, or any other federal rule, that the statements or any
15  evidence derived from the statements should be suppressed or are
16  inadmissible.

17            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
18                          OFFICE NOT PARTIES

19       29.   Defendant understands that the Court and the United States
20  Probation and Pretrial Services Office are not parties to this
21  agreement and need not accept any of the USAO's sentencing
22  recommendations or the parties' agreements to facts or sentencing
23  factors.

24       30.   Defendant understands that both defendant and the USAO are
25  free to: (a) supplement the facts by supplying relevant information
26  to the United States Probation and Pretrial Services Office and the
27  Court, (b) correct any and all factual misstatements relating to the
28  Court's Sentencing Guidelines calculations and determination of

                                18

sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 16 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

31.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

## NO ADDITIONAL AGREEMENTS

32.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

19

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          33.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5

6     AGREED AND ACCEPTED

7     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
8     CALIFORNIA

9     TRACY L. WILKISON
      Acting United States Attorney
10

11    _____            6/3/21
      AMY E. POMERANTZ                      Date
12    Assistant United States Attorney

13    _____            6-4-21
      JAMES DAVOLT                          Date
14    Defendant

15    _____            6/8/21
      S. CYRUS TABIBNIA                     Date
16    Attorney for Defendant JAMES DAVOLT

17

18

19

20

21

22

23

24

25

26

27

28

                              20

1

<u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 _____          _____
   JAMES DAVOLT                        6-4-21
   Defendant                           Date

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JAMES DAVOLT's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

S. CYRUS TABIBNIA
Attorney for Defendant JAMES DAVOLT

Date   6/4/21